IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00695-BNB

CALVIN KARL CHEEKS,

    Applicant,

v.

DAVID ZUPAN, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Calvin Karl Cheeks, is a prisoner in the custody of the Colorado Department of Corrections at the Trinidad Correctional Facility in Trinidad, Colorado. Mr. Cheeks has filed *pro se* an Application for a Federal Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). Mr. Cheeks is challenging the validity of his state court conviction and sentence in El Paso County District Court case number 04CR6238. For the reasons stated below, the action will be dismissed for lack of jurisdiction.

    Mr. Cheeks previously has sought habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254 challenging the validity of the same state court conviction and sentence. *See Cheeks v. Smelser*, No. 11-cv-01235-CMA (D. Colo. July 15, 2011), *appeal dismissed*, 448 F. App'x 848 (10th Cir. 2011). The prior application was dismissed with prejudice pursuant to *Stone v. Powell*, 428 U.S. 465 (1976), because Mr. Cheeks had a full and fair opportunity to litigate his Fourth Amendment claims in the

state court proceedings. Therefore, the Court finds that the instant application is a second or successive application. *See Graham v. Costello*, 299 F.3d 129, 134 (2d Cir. 2002) (concluding that § 2254 application denied pursuant to *Stone v. Powell* is a denial on the merits that adversely affects an inmate's right to file future applications challenging the same conviction).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Cheeks must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id.* at 1251. An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Cheeks does not allege that he has obtained authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice,

transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. When the claims being raised in the second or successive application clearly do not meet the statutory requirements set forth in § 2244(b)(2), "a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *See id.* at 1252.

In the instant action, Mr. Cheeks asserts a Fourth Amendment claim challenging the admission at trial of evidence discovered during the course of an allegedly unconstitutional search of his residence. This claim is not based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone. *See id.*

Consideration of the other relevant factors also supports this conclusion. It does not appear that Mr. Cheeks' Fourth Amendment claim would be time-barred if promptly filed anew in the proper forum. It also appears that the Fourth Amendment claim Mr. Cheeks seeks to pursue would be barred from consideration pursuant to *Stone v. Powell*. Finally, it was clear when the instant action was filed that this Court lacks jurisdiction over the Fourth Amendment claim Mr. Cheeks seeks to raise because 11-cv-01235-CMA was dismissed with prejudice. As a result, the Court finds that a transfer

3

of the instant action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  27th  day of    March    , 2012.

BY THE COURT:


   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court